UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MATTHEW JONES,

                Plaintiff,

        - against -

QUEENS COUNTY 11th JUDICIAL
DISTRICT COURT,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-1417 (PKC) (CLP)

PAMELA K. CHEN, United States District Judge:

Plaintiff Matthew Jones ("Plaintiff") brings this *pro se* action against the Queens County 11th Judicial District Court ("Defendant"), along with a request to proceed *in forma pauperis*. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Complaint is dismissed.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, courts must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and courts are required to read a plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

A district court, however, has "the authority to 'pierce the veil of the complaint's factual allegations'" when considering an *in forma pauperis* complaint. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Courts, then, are "not bound . . . to accept without question the truth of the plaintiff's allegations," especially when those allegations can be "rebutted by judicially noticeable facts." *Id*. Moreover, a "court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless–that is, they are fanciful, fantastic, or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

## DISCUSSION

Plaintiff's Complaint contains troubling allegations that do not present any cognizable claim.[1] For example, Plaintiff states:

> While I was working as an U.S.A. Constituent, like Ben Franklin is on the $100 bill, my life was ended by violent and perverted attacks many times. At the Queens County 11th J.D. Court, I was attacked with anal rapes and gunshots by the Court employees. Entering the Court, I was attacked with anal rapes and gunshots from Court employees, including judges in robes, while I was in line to pass through the metal detector. As I was being raped, beaten, shot and poisoned in the elevator, I was shoved and rubbed into my wall and the floor area.

(Compl., Dkt 1, at 4.) Plaintiff also states that "[m]edicine used to raise the dead is chemically made out of trees that are at least two hundred fifty years old and the plants that only grow around them." (*Id.* at 6.) Plaintiff seeks $250,00.00 in damages. (*Id.*)

Plaintiff's allegations, even under the very liberal reading afforded to *pro se* pleadings (and even if Plaintiff believes them to be true), can only be described as frivolous and "clearly baseless."

---

[1] The Court notes that Plaintiff previously brought a similar complaint that this Court dismissed as frivolous. *See Jones v. N.Y.C. Police Dep't*, No. 23-CV-8101 (PKC), 2023 WL 7283782, at *1 (E.D.N.Y. Nov. 3, 2023).

*Denton*, 504 U.S. at 33; *Gallop*, 642 F.3d at 368 (holding that Courts may dismiss "fanciful, fantastic, or delusional" claims). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 25; *Brown v. City of New York*, No. 24-CV-8246 (LDH), 2025 WL 606155, at *2 (E.D.N.Y. Feb. 25, 2025) (dismissing complaint where plaintiff alleged "that agents of the municipal government 'gang stalked, 'accosted,' 'harassed' and drugged her, and that 'brainwave reading technologies' were used to thwart her effort to seek help"); *Gilot v. Govt.*, No. 21-CV-4346 (WFK), 2021 WL 3861684, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing plaintiff's claims as "entirely fanciful and frivolous").

Given the implausibility of Plaintiff's allegations, the action cannot proceed. *See Walker v. Real Life Church*, No. 22-CV-4455 (AMD), 2022 WL 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered); *Burton v. United States*, No. 21-CV-6238, 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the allegations rose to the level of the irrational). Thus, Plaintiff's Complaint is dismissed.

## LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (summary order) (quoting

3

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## CONCLUSION

Accordingly, Plaintiff's Complaint, filed *in forma pauperis*, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff, noting the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 18, 2025
  Brooklyn, New York